UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RONMEL YEPEZ,                         :
    Plaintiff,                       :
                                      :
v.                                    :        3:14cv900 (WWE)
                                      :
EAGLE LEASING COMPANY,                :
    Defendant.                       :

## MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS

In this action, Ronmel Yepez claims that Eagle Leasing Company is liable for discriminatory disparate treatment, hostile environment and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e et seq., and the Connecticut Fair Employment Practices Act ("CFEPA"); plaintiff also asserts common law claims of negligent supervision and intentional infliction of emotional distress.[1]

Defendant has moved to dismiss.[2] For the following reasons, defendant's motion to dismiss will be denied in part and granted in part.

## BACKGROUND

In reviewing a motion to dismiss, the Court accepts the factual allegations of the complaint as true and draws all reasonable inferences in favor of plaintiff.

Plaintiff is a Hispanic male who was employed by defendant for more than five years until his constructive termination on November 20, 2011. He was born in

---

[1]The Court will analyze the Title VII and CFEPA claims together since they are generally subject to the same standards. Adams v. Festival Fun Parks, 2013 WL 951710, *7 (D. Conn. 2013).

[2]Plaintiff has asserted a claim of retaliation. However, defendant does not appear to have moved to dismiss that claim.

Ecuador and Spanish is his first language.

Defendant demanded that plaintiff and other workers of Hispanic origin speak in English.  Plaintiff and other employees of Hispanic origin were subjected to dangerous and unsafe working conditions and to harassment, discrimination, retaliation and disparate treatment based on race, ethnicity, ancestry and national origin.  Unsafe conditions included working without proper safety equipment, working in cold or wet conditions, lying in water, or climbing on snow and ice covered storage containers.  Plaintiff and other Hispanic workers were not allowed to drink water from a water fountain when they were thirsty.  Defendant forced them to drink from a water hose.

When a Hispanic worker spoke out about dangers on the job, that worker would be ordered to do the job or sent home.  Defendant punished Hispanic workers who were injured on the job.

Plaintiff was afraid to call in sick when he was ill because defendant would retaliate against him and punish him by sending him home without pay or forcing him to perform dangerous work.

Plaintiff complained to his supervisor about the mistreatment and discrimination.  However, his supervisor responded by cursing at him and using abusive language.

Defendant's conduct made it impossible for plaintiff to continue to work for defendant.  On November 20, 2011, plaintiff was constructively terminated due to defendant's mistreatment and discriminatory bias.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support

thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984).  When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984).  The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).  A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

**Disparate Treatment**

Defendant argues that plaintiff's disparate treatment claim claims fail to state a claim upon which relief can be granted.  Defendant contends that plaintiff has not alleged sufficient factual support to establish a prima facie case under Title VII or CFEPA, namely that (1) he is a member of a protected class; (2) he was qualified for his position; (3) he suffered an adverse employment action; and (4) the action occurred under circumstances giving rise to an inference of discrimination.  See de la Cruz v. New York City Human Resources Admin. Dept. Of Social Services, 82 F.3d 16, 20 (2d Cir. 1996).

"The prima facie case under McDonnell Douglas, however, is an evidentiary standard, not a pleading requirement." Swierkiewicz v. Sorema N. A., 534 U.S. 506, 510 (2002).  At this stage of the proceedings, in the context of employment discrimination cases, a plaintiff must plausibly allege that the employer took adverse action against him and that his race, color, religion, sex, or national origin was a

3

motivating factor in the employment decision.  Vega v. Hempstead Union Free School Dist., 2015 WL 5127519, at *11 (2d Cir. 2015).   Plaintiff need only allege facts that provide "at least minimal support for the proposition that the employer was motivated by discriminatory intent." Littlejohn v. City of New York, 2015 WL 4604250, at *7 (2d Cir. 2015).

Here, plaintiff has set forth specific facts concerning defendant's demands that English only be spoken, that derogatory insults were directed toward plaintiff as a Hispanic, and that defendant subjected Hispanics to unsafe, unreasonable working conditions.  Based on these allegations, plaintiff has established a plausible discriminatory animus against plaintiff based on his race, ethnicity and national origin. Plaintiff has also alleged a plausible adverse employment action in light of his claim of constructive discharge.  See Brittell v. Department of Correction, 247 Conn. 148, 178 (1998) ("Through the use of constructive discharge, the law recognizes that an employee's 'voluntary' resignation may be, in reality, a dismissal by an employer."). Accordingly, plaintiff's Title VII claim will not be dismissed for failure to state a claim.

**Hostile Work Environment**

Plaintiff asserts that defendant subjected him to a hostile work environment in violation of Title VII and CFEPA.  Defendant maintains that plaintiff has failed to establish a plausible hostile work environment claim.

To make out a hostile work environment claim, a plaintiff must present evidence (1) that the conduct in question was objectively severe or pervasive, that is, that it created an environment that a reasonable person would find hostile or abusive; (2) that the plaintiff subjectively perceived the environment as hostile or abusive; and (3) that

4

the plaintiff was subject to the hostile work environment 'because of' his race or ethnicity.  Patane v. Clark, 508 F.3d 106, 113 (2d Cir. 2007).  A court must assess the evidence supporting a hostile work environment claim collectively and evaluate factors such as (1) frequency of the discriminatory conduct, (2) the severity of the conduct, (3) whether it is physically threatening or merely an offensive utterance, and (4) whether it unreasonably interferes with an employee's work performance.  Harris v. Fork Lift Sys., Inc., 510 U.S. 17, 23 (1993).  The alleged facts relevant to a continuous English-only policy, degrading remarks, treatment and poor working conditions support a plausible claim of a hostile work environment directed against Hispanic workers.

Defendant complains that the plaintiff's failure to provide dates of the alleged hostile acts prevents an assessment of the severity of conduct that spanned more than five years.  However, summary judgment is a more appropriate vehicle for the Court to assess whether the claim is actionable and whether the cumulative effect of the alleged conduct created an environment so severely permeated with discriminatory intimidation and ridicule and insult so as to alter the terms and conditions of the workplace.  See Alfano v. Costello, 294 F.3d 365, 373 (2d Cir. 2002).  Accordingly, the motion to dismiss will be denied on the hostile environment claim.

**Negligent Supervision**

Plaintiff alleges that defendant is liable for the negligent supervision that resulted in a discriminatory, hostile and unsafe workplace.  Defendant argues that plaintiff's conclusory allegations fail to establish that defendant knew or reasonably should have known of any employee's propensity to engage in tortious conduct, or that plaintiff sustained an injury other than emotional distress or a Title VII injury of being the subject

5

of discrimination.

To state a negligent supervision claim, a plaintiff must allege that he suffered an injury due to the defendant's failure to supervise an employee whom the defendant had a duty to supervise. Abate v. Circuit-Wise, Inc., 130 F. Supp. 2d 341, 344 (D. Conn. 2001). "Connecticut recognizes no general duty for employers to supervise their employees without the existence of some special facts or circumstances indicating that such monitoring or training is necessary." Dumas v. The Price Chopper, Inc., 2010 WL 1889036 (Conn. Super. Ct). Generally, a duty to use care arises out of the foreseeability of harm. Gutierrez v. Thorne, 13 Conn. App. 493, 500 (1988).

In this instance, it is plausible that defendant had a duty to ensure proper supervision to ensure a safe environment in light of the nature of work requiring safety equipment, the potential for injury, and the fact that injuries did occur to the workers.

The Court agrees that plaintiff cannot sustain a claim for negligent supervision when the only alleged harm is an injury based on Title VII or emotional injury. See Deguzman v. Kramer, 2005 WL 2030447, at *2 (D. Conn.) (unlawful discrimination alone is insufficient to satisfy injury for negligent supervision); Antonopoulos v. Zitnay, 360 F. Supp. 2d 420, 430-31 (D. Conn. 2005) (employee cannot bring negligence-based claim against employer for emotional distress occurring during an ongoing employment relationship). Plaintiff has not countered defendant's argument that he has failed to allege an injury recoverable under a claim for negligent supervision. If a plaintiff fails to rebut a defendant's argument to dismiss a claim, the Court may deem that claim abandoned. Dragon v. Connecticut, 2015 WL 3905285, *6 (D. Conn. 2015). Accordingly, the Court will grant the motion to dismiss on this claim.

**Intentional Infliction of Emotional Distress**

Defendant maintains that plaintiff's allegations fail to satisfy the elements of a claim of intentional infliction of emotional distress.

Liability for intentional infliction of emotional distress requires conduct exceeding all bounds of decent society and which is calculated to cause, and does cause, mental distress of a very serious kind. DeLaurentis v. New Haven, 220 Conn. 225, 266-67 (1991). Connecticut courts have narrowly defined the boundaries of extreme and outrageous conduct. See Grasso v. Connecticut Hospice, Inc., 138 Conn. App. 759, 2012 WL 4872783, *8 (Oct. 23, 2012) (citing cases finding no intentional infliction of emotional distress).

In the employment context, an employer's routine adverse employment action, even if improperly motivated, does not constitute extreme and outrageous behavior unless conducted in an egregious and oppressive manner. Sousa v. Rocque, 2012 WL 4967246, * 7 (D. Conn. Oct. 17, 2012). However, in this case, plaintiff alleges that defendant subjected him to degrading comments and intimidation based on discriminatory animus and forced him to work in unsafe conditions without proper equipment. At this stage in the pleadings, plaintiff has stated a plausible claim of outrageous conduct exceeding the bounds of decent society. The Court will deny the motion to dismiss on the claim of intentional infliction of emotional distress.

## **CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss [Doc. # 22] is DENIED in part and GRANTED in part. The Court GRANTS the motion to dismiss as to the negligent supervision claim but DENIES the motion to dismiss as to all other claims.

Dated this _25th___ day of September, 2015, at Bridgeport, Connecticut.

        /s/Warren W. Eginton
        WARREN W. EGINTON
        SENIOR UNITED STATES DISTRICT JUDGE